IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHARLET WALK,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT THE UNITED STATES OF AMERICA'S MOTION TO DISMISS**<br><br>Case No. 2:18-cv-00886-HCN-DBP<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Leno Perea died following surgery while serving a federal prison sentence. Mr. Perea's mother, Charlet Walk, brought this suit against the United States and other Defendants to recover damages for her son's death. The United States has moved to dismiss the suit. That motion is granted in part and denied in part.

I.

In 2007, Mr. Perea was sentenced to fifteen years' incarceration after pleading guilty to federal crimes. *See United States v. Perea*, No. 2:05-cr-234 (D. Utah). In 2011, while imprisoned at the Federal Correctional Institution in Lompoc, California, Mr. Perea was hospitalized and diagnosed with hepatitis C, bilirubin, diabetes, and gall stones. Dkt. No. 3 ¶¶ 12, 38 ("Amended Complaint"). Plaintiff alleges that, at that point, "while all of these health issues were relatively under control, Mr. Perea should have had his gall bladder removed." *Id.* ¶ 42. But the surgery was not performed at this time. Plaintiff also alleges that Federal Bureau of Prison medical professionals failed to provide any treatment for his hepatitis C and failed to provide adequate

treatment for his diabetes. *Id.* ¶¶ 43–46. Subsequent hospitalizations in 2013 revealed that Mr. Perea also suffered from bilateral inguinal hernias and signs of liver failure. *Id.* ¶¶ 46, 48. Later that year Mr. Perea was transferred to the Federal Correctional Institution in Florence, Colorado. *Id.* ¶¶ 14, 50. On October 22, 2014, Mr. Perea underwent surgery to remove his gall bladder and repair the hernias. *Id*. ¶ 51. Plaintiff alleges that "[g]iven his health issues" at this time, "Mr. Perea never should have undergone surgery at all," or at least that he "never should have undergone surgery for the hernias in the same operation to remove his gall bladder, as the hernias posed no health risk." *Id*. ¶¶ 52–53. Plaintiff alleges that "[b]ut for . . . negligent medical care at Lompoc and Florence, Mr. Perea would not have undergone" this surgery and that both the surgery and negligent medical care received while Mr. Perea was incarcerated at Florence were the causes of his death on November 10, 2014, less than three weeks after his surgery. *Id.* ¶¶ 68–70. The United States notes—and Plaintiff does not dispute—that Mr. Perea's surgery was performed at a non-government hospital. *See* Dkt. No. 27-1 at 31. And although Mr. Perea was discharged after the surgery (and presumably returned to the correctional facility in Florence), he was readmitted to that hospital on October 24, 2019, and remained there until his death. *See id*.

Ms. Walk, Mr. Perea's mother and heir, filed an administrative claim with the Federal Bureau of Prisons in a letter dated November 3, 2016, and postmarked the following day. Dkt. No. 27-1 at 14–20. The Bureau failed to respond until after this suit was filed. On November 9, 2018, Ms. Walk filed suit in this court against the United States and various federal agencies, officers, and employees, including the Directors of Lompoc and Florence and unnamed federal employees at both locations. Ms. Walk asserted claims for wrongful death, negligence, and loss of consortium pursuant to the Federal Tort Claims Act ("FTCA"), as well *Bivens* claims for violations of the Eighth Amendment. Amend. Compl. ¶¶ 78–92.

**II.**

As explained below, the United States' motion has been simplified to a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). When considering such a motion the court accepts "all well-pleaded facts in the complaint as distinguished from conclusory allegations." *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006) (citation omitted); *Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011). "[A]ll facts alleged in the complaint are taken as true and all reasonable inferences are indulged in favor of the plaintiffs." *GF Gaming Corp. v. City of Black Hawk, Colo.*, 405 F.3d 876, 881 (10th Cir. 2005); *Schwartz v. New Mexico Corr. Dep't Prob. & Parole*, 384 F. App'x 726, 733 (10th Cir. 2010). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.,* 861 F.3d 1081, 1103 (10th Cir. 2017).

**III.**

The parties have helpfully narrowed the issues before this court through briefing and argument. Plaintiff has consented to dismiss all parties except the United States without prejudice because they have not been served. Dkt. No. 36 at 3–4; Oral Argument at 2:00–4:00. Plaintiff also concedes that her complaint does not raise constitutional claims against the United States and that the death of her adult son does not entitle her to sue for loss of consortium under governing law. Dkt. No. 36 at 4 n.2, 5. For its part, the United States has withdrawn the argument that it was not properly served under Federal Rule of Civil Procedure 4: evidence in the record establishes that both the Office of the Attorney General and the United States Attorney for the District of Utah were timely served. *See* Dkt. No. 48. The United States also

concedes that its argument under Federal Rule of Civil Procedure 8—which focused on Plaintiff's failure to specify which individual defendants were responsible for which alleged acts and omissions—is no longer supported by authority given the dismissal of all Defendants other than the United States, which is vicariously liable for any actionable negligence by any federal officers and employees in this case. Oral Argument at 25:00–29:00. The court accordingly dismisses Plaintiff's claims against all Defendants other than the United States, all claims for violations of the Constitution, and the claim for loss of consortium. The court also denies the motion to dismiss to the extent it relies on Rule 4 or Rule 8.

## IV.

All that is left to resolve at this time are the United States' remaining arguments for dismissing Plaintiff's wrongful death and negligence claims. For the reasons that follow, the court denies the motion to dismiss these claims.

The United States' argument for dismissal rests on two undisputed premises. First, under 28 U.S.C. § 2671, "the FTCA does not authorize suits based on the acts of independent contractors or their employees[.]" *Tsosie v. United States*, 452 F.3d 1161, 1163 (10th Cir. 2006). Second, a claim against the United States under the FTCA "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). Based on its first premise, the United States argues that it cannot be liable for any conduct alleged to have occurred after Mr. Perea's readmission to the hospital on October 24, 2014, since from this date until his death on November 10, 2014, Mr. Perea was continuously in the custody of the hospital, which was an independent contractor. Based on its second premise, the United States argues that it cannot be liable for any conduct alleged to have occurred before November 2014 given that Plaintiff's written claim to the Federal Bureau of

Prisons was dated November 3, 2016, and postmarked the next day. Because all of the alleged conduct on which Plaintiff's claims are based necessarily occurred either after October 24, 2014 or before November 2014, the United States submits that these claims must be dismissed.

The United States' conclusion does not follow from its premises. The court agrees with the United States that Plaintiffs' claims cannot be based on actions taken by an independent contractor, such as the hospital here. Nor may Plaintiff prosecute claims that accrued before November 2014. But Plaintiff has plausibly alleged a causal relationship between conduct of United States officers and employees and Mr. Perea's death. The fact that this conduct occurred before November 2014 does not necessarily mean that all potential claims arising out of this conduct accrued before that time.

At least four circuits have held "that wrongful death claims, for FTCA purposes, cannot accrue prior to death." *Miller v. Philadelphia Geriatric Ctr.*, 463 F.3d 266, 272 (3d Cir. 2006) (collecting cases).[1] The FTCA statute of limitation thus runs from the date of death, not from the date on which the activities occurred that caused the death. This conclusion is reinforced by the general understanding that wrongful death is "an independent action accruing in the heirs of the decedent." *Riggs v. Georgia-Pac. LLC*, 345 P.3d 1219, 1225 (Utah 2015). Because there are no heirs until there is a decedent, Plaintiff's wrongful death claim could not accrue before the date that Mr. Perea died and Plaintiff became his heir. That date was November 10, 2014—less than two years before the FTCA claim was filed with the Federal Bureau of Prisons. Plaintiff's wrongful death claim is thus timely.

---

[1] The Tenth Circuit has held that federal law controls the question of when a cause of action accrues under the FTCA. *See Plaza Speedway Inc. v. United States*, 311 F.3 1262, 1267 (10th Cir. 2002).

As for Plaintiff's remaining claim, "the general rule for FTCA claims is the 'injury occurrence rule' where the tort claim accrues on the date of injury." *Bayless v. United States*, 767 F.3d 958, 964 (10th Cir. 2014). This accords with "[t]he general rule . . . that a cause of action for negligence does not accrue or vest until the plaintiff has suffered injury as a result of negligent conduct." *Earl v. LaVerkin City,* 382 P.3d 676, 678 (Utah App. 2016). It follows that the statute of limitations bars Plaintiff from recovering damages for any injury suffered before November 2014 as a result of the negligence of Defendant's officers and employees. *See id*. at 679. But regardless of any other injury such negligence may have caused, Plaintiff alleges that this negligence was a cause of her son's death. *That* negligence claim did not accrue until the injury complained of—Mr. Walk's death—occurred on November 10, 2014. Accordingly, it is not time-barred. *See id*.

\*     \*     \*

For the foregoing reasons, Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART. Plaintiff's claims for wrongful death and negligence may proceed against the United States. Plaintiff may not, however, recover for the negligence of any independent contractor or for injuries suffered more than two years before she filed her FTCA claim with the Bureau of Prisons. Plaintiffs' remaining claims against the United States, and all of Plaintiffs' claims against other parties, are dismissed. IT IS SO ORDERED.

DATED this 4th day of December, 2019.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge

6